■ JOHN SCOTT, Respondent, v CITY OF NEW YORK et al., Defendants, and GRANITE HALMAR CONSTRUCTION COMPANY, Inc., et al., Appellants. [931 NYS2d 661]—

The plaintiff allegedly sustained personal injuries on the morning of October 26, 2002, when the car in which he was riding allegedly drove into a pothole in the roadway of McDonald Avenue in Brooklyn, causing the car's driver to lose control of

the vehicle and the car to collide with a pillar which supported the overhead tracks of the elevated "F" subway line. The plaintiff subsequently commenced this action, alleging, inter alia, that the appellants created the subject roadway defect when they performed construction work in the area. The appellants moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, contending that they did not create the ruts in the roadway which the plaintiff assumed caused the accident. However, in support of their motion, the appellants submitted, among other things, a street opening permit which had been issued to the defendant Granite Halmar/Schiavone J.V. earlier in 2002, for the block where the accident occurred. Accordingly, the appellants failed to eliminate all triable issues of fact as to whether they created the roadway defect and, thus, failed to establish their prima facie entitlement to judgment as a matter of law (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's opposition papers (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]). Accordingly, the Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Florio, J.P., Eng, Chambers and Lott, JJ., concur.